MARTIN A. McNULTY, RELATOR, v. COUNTY OF CAMDEN, DEFENDANT.

Argued January 22, 1941—Decided May 12, 1941.

Before Justices CASE, HEHER and DONGES.

For the relator, *Meyer L. Sakin.*

For the defendant, *Vincent L. Gallaher.*

The opinion of the court was delivered by

DONGES, J.   Relator, since 1934, held the position of purchasing agent of the County of Camden, at a salary of $3,000 per year.   In November, 1936, Camden County adopted the provisions of the Civil Service Act and relator was listed and classified by the Civil Service Commission as under civil service tenure.   Such classification is not disputed.   He continued to hold his position, as such civil service tenure employe, until January 10th, 1940, when the Board of Chosen Freeholders of Camden County passed a resolution designed to abolish the position of purchasing agent.   Relator appealed to the Civil Service Commission, and, after hearing, the Commission on March 26th, 1940, ordered relator's reinstatement. On April 10th, 1940, the Board of Chosen Freeholders adopted another resolution designed to abolish said position and on appeal to the Civil Service Commission that body rendered a decision on June 18th, 1940, ordering relator's reinstatement

to said position, as of January 10th, 1940. No appeal or review of either order of the Civil Service Commission was had and they stand unchallenged. Despite the efforts of relator to be restored to his position and duties, the Board of Freeholders has steadfastly refused to permit him to do so. Relator seeks a *mandamus* to compel the Board of Freeholders to comply with the order of the Civil Service Commission.

The order of the Commission, under date of June 18th, 1940, provided: "* * * and the Board of Chosen Freeholders of Camden County be and it is directed to reinstate the appellant to the position of Purchasing Agent at a compensation at the rate of at least $1,000 per annum, effective January 10th, 1940."

A rather anomolous situation is created by the terms of the orders of the Commission. By the first order, dated March 26th, 1940, the Board of Chosen Freeholders is directed to restore relator to his position at a rate of $1,000 per annum, but, by the order of June 18th, no salary was fixed but a minimum of $1,000 per annum was fixed.

So far as the decision determining relator's right to the position of purchasing agent and directing reinstatement is concerned, the decision of the Commission, unchallenged, should be enforced. *Walker* v. *Board of Education of Wildwood*, 116 *N. J. L.* 595. However, there can be no *mandamus* to compel payment of any sum as salary, because none is fixed in the order of the Commission. As to that branch of the case, the rule will be discharged. Relator will have his remedy by suit.

By additional stipulation of facts, it is made to appear that on January 1st, 1941, a new Board of Freeholders, known as a "Small Board," qualified and is now functioning. However, no action has been taken by it with respect to relator's position, and, so far as appears, his status remains unchanged, and the decision of the Civil Service Commission is still effective.

A peremptory *mandamus* will issue to compel compliance with the decision of the Civil Service Commission in so far as it directs restoration of relator to his position as purchasing agent, but without costs.